**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1594
_____

OFFICE DEPOT, INC.;
NORTH AMERICAN CARD AND COUPON SERVICES, LLC,
Appellants

v.

SECRETARY OF FINANCE FOR THE STATE OF DELAWARE;
STATE ESCHEATOR OF THE STATE OF DELAWARE;
AUDIT MANAGER FOR THE STATE OF DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1-16-cv-00609)
District Judge: Honorable Leonard P. Stark

_____

Submitted under Third Circuit L.A.R. 34.1(a)[*]
on September 27, 2017

Before: AMBRO and KRAUSE, *Circuit Judges*, and CONTI, *Chief District Judge.*[**]

(Opinion filed: January 22, 2018)

---

[*] The case was held in abeyance pending this Court's decision in *Marathon Petroleum Corp. v. Secretary of Finance*, 876 F.3d 481 (3d Cir. 2017).

[**] Honorable Joy Flowers Conti, Chief Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

_____

OPINION[***]
_____

KRAUSE, *Circuit Judge*.

In this case we are asked to decide whether Delaware may conduct an audit examining whether monies paid for stored-value gift cards issued by a Delaware company's out-of-state subsidiary are held by the parent company and thus subject to escheat, or whether such an audit is preempted by the federal common law governing escheat. Appellants are Office Depot, Inc., a Delaware corporation with a principal place of business in Florida, and North American Card and Coupon Services, LLC (NACCS), Office Depot's special-purpose subsidiary organized in Virginia.

In all material respects, this case is identical to *Marathon Petroleum Corp. v. Secretary of Finance*, 876 F.3d 481 (3d Cir. 2017)—which we decided after the District Court issued its opinion in this case—and compels the same result. Like the appellants in *Marathon*, Office Depot and NACCS contend that the District Court erred in (1) ruling that private parties lack standing to invoke the federal common law to challenge a state's authority to escheat property, and (2) dismissing Appellants' claim that the *Texas* trilogy—a set of cases in which the Supreme Court set out the rules of priority governing the escheat of intangible property—preempted Delaware's audit of NACCS's gift cards.

_____

[***] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

*See Texas v. New Jersey*, 379 U.S. 674 (1965); *Pennsylvania v. New York*, 407 U.S. 206 (1972); *Delaware v. New York*, 507 U.S. 490 (1993).[1]

Appellants are correct that, as we indicated in *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 383 (3d Cir. 2012), and recently squarely held in *Marathon*, 876 F.3d at 493, private parties have standing to challenge a state's authority to conduct an audit and escheat abandoned property. However, as we explained at length in *Marathon*, the *Texas* cases do not prevent Delaware from initiating an inquiry to determine the true holder of abandoned property. *Id.* at 499. The Supreme Court has observed that the first step in assessing a state's right to escheat intangible personal property is "determin[ing] the precise debtor-creditor relationship as defined by the law that creates the property at issue," *Delaware*, 507 U.S. at 499, and Delaware may seek information that will assist it in making that determination, *Marathon*, 876 F.3d at 499. "We do not read the *Texas* trilogy as foreclosing a state's right to conduct an appropriate examination to determine if there is fraud or another basis for determining that property may be escheated, even if a contract viewed in isolation might suggest otherwise." *Id.* at 501. Therefore, we must reject Appellants' claim.

That said, we emphasized in *Marathon* that our resolution of the narrow issue of whether Delaware may conduct an audit does not bar private parties from bringing suit to

---

[1] Just as in *Marathon*, here Delaware contends that Appellants' preemption claim is not ripe. But the claim is ripe insofar as Appellants are challenging Delaware's authority to initiate the audit at all; it is not ripe to the extent they are challenging the scope or means of the examination because "Delaware has as yet taken no formal steps to compel cooperation with its audit," *Marathon*, 876 F.3d at 497 n.18.

3

challenge the audit if and when the state's demands for information become "so obviously pretextual or insatiable . . . that 'it is evident that the result of [the] process must lead to conflict preemption.'" *Id.* (quoting *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 348 (3d Cir. 2001)). An audit process that extends beyond a legitimate inquiry into whether a subsidiary company is *bona fide* may well trigger the priority rules. Although no such argument is available where, as here, the state has not initiated an enforcement proceeding, it is possible that Appellants will have a viable claim as to the scope of the audit at a future date.[2]

For the foregoing reasons, we vacate the District Court's judgment and remand with instructions to dismiss Office Depot and NACCS's preemption claim without prejudice.

---

[2] Appellants allege that, in light of their failure to provide requested documents, the third-party auditor employed by Delaware, Kelmar, notified them that it had referred the matter to the Attorney General's office for consideration of enforcement action, whereas in *Marathon* the subsidiaries alleged only that Kelmar had threatened to refer the matter. This factual distinction is not material, however, because in neither case has the state formally sought compliance.